BEDONIE, Associate Justice,
dissenting.
For the reasons that follow, I respectfully disagree with the majority and offer my dissent.
This case concerns jurisdictional conditions of a complaint as specified in 15 N.N.C. § 610(J)(1). Section 610(J)(1) states:
J. Initiation of Commission Proceedings. Proceedings before the Commission shall be initiated upon the filing of a written complaint by a petitioner with the Commission.
1. Complaints shall satisfy each of the following conditions:
a. The petitioner is authorized to file the Complaint under the terms and conditions prescribed by this Section;
b. The underlying Charge was filed with the time limits prescribed in § 610(B)(6); and
c. The complaint was filed within 360 days following the date on which the underlying Charge was filed.
15 N.N.C. § 610(J)(l)(a)-(e) (2000).
Satisfaction of each condition by the petitioner (employee) is clearly required before the Commission assumes jurisdiction. An employer is permitted to raise a jurisdictional challenge by filing a § 610(J)(2) motion. “Upon motion of respondent and a showing that any one or more of the foregoing conditions has not been satisfied, the Commission shall dismiss the complaint[.]”[2] 15 N.N.C. § 610(J)(2). Here, *376 as mentioned above, NACE filed a motion to dismiss asserting the second condition had not been satisfied. There is no dispute that the Commission held a hearing on that motion permitting “a showing.” Both parties appeared with legal counsel. Based on the final order, the parties presented their arguments and supporting documentation. The Commission made certain findings based on that information and concluded the Charge was untimely filed. There is nothing in the record to suggest the findings were not supported by substantial evidence. Because Appellant decided not file a transcript of the March 13, 2012 hearing, this Court is required to defer to the findings of the Commission.
“Failure to file a Charge within the time limitations prescribed [by § 610(B)(6) ] shall bar proceedings on the related claim before the Commission or in any court of the Navajo Nation.” 15 N.N.C. § 610(B)(6)(b) (emphasis added). Pursuant to this provision, if a Charge is shown to be untimely filed, further proceedings are barred for lack of jurisdiction, including a hearing under 15 N.N.C. § 611(A). Unlike the majority, I refrain from requiring an evidentiary hearing.
Even if I were to accept the majority’s holding that an evidentiary hearing is required even to consider a § 610(J)(2) motion, which I do not, the Commission is not bound by any formal rules of evidence. 15 N.N.C. § 611(C)(1). The Commission shall conduct the hearing in a fair and orderly manner and extend to all parties the right to be heard. 15 N.N.C. § 611(C). There is nothing in the record to suggest the parties, who were both represented by experienced attorneys, were not given their day in court to present arguments and evidence. There is also nothing in the record to suggest the March 13, 2012 hearing was not evidentiary in nature. Moreover, there is no law that prohibits a hearing on a § 610(J)(2) motion.

. There is an exception for any allegation of a pattern or practice that persists during the time limits prescribed in § 610(B)(6). That exception, however, does not apply in this case concerning an alleged wrongful termination.